UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER RHODES,

                Petitioner,

    – against –

DALE ARTUS,

                Respondent.

**OPINION AND ORDER**

09 Civ. 4251 (ER) (PED)

---

Ramos, D.J.:

      Petitioner Christopher Rhodes ("Rhodes" or "Petitioner"), through his counsel, filed a petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254 on April 30, 2009.  Doc. 1.  The Honorable Cathy Seibel, to whom this case was previously assigned, referred the Petition to Magistrate Judge Paul E. Davison on May 4, 2009.  Doc. 2.  The case was reassigned to the undersigned on January 5, 2012.  Doc. 11.

      On February 25, 2013, Judge Davison issued a Report and Recommendation (the "Report" or "R&R"), recommending that the Petition be denied in full.  Doc. 13.  Petitioner timely filed written objections to the Report on March 6, 2013.  Doc. 14.  For the reasons stated herein, the Court adopts Judge Davison's recommendation, and the Petition is denied.

**I.  BACKGROUND**

      The factual background and procedural history relevant to the Petition are set forth in Judge Davison's Report, familiarity with which is assumed.  *See* Report at 1–16.

      This case stems from the murder of Jerica Rhodes ("Jerica"), Petitioner's seven-year-old daughter.  On the morning of January 27, 2005, Petitioner was seen accompanying Jerica to her

elementary school in Highland Falls, New York.  Report at 3.  Later that morning, Jerica's body was discovered in a school toilet stall with sixteen stab wounds.  *Id.* at 4.  Petitioner was charged with her murder.  *Id.* at 5.

Petitioner's jury trial began on October 25, 2005 in the Supreme Court of the State of New York, Orange County.  At trial the Prosecution presented witnesses who testified that when Jerica entered school that morning, she looked healthy, that after arriving Petitioner was seen taking her to the bathroom a mere hour before her body would be discovered inside one of the stalls, that she was absent from morning prayer, and that she was not seen again until her body was discovered in the bathroom.  *Id.* at 30.  The Prosecution also offered physical evidence that linked the blood found at the crime scene to the blood discovered on Petitioner's clothing and sneakers which were found concealed in Petitioner's home.  *Id.* at 7.  Blood which matched Jerica's DNA was also found on the interior driver-side door, center console, and steering wheel of Petitioner's SUV.  *Id.* at 8.  In its case-in-chief the defense attempted to explain that the presence of blood matching Jerica's DNA on Petitioner's jacket and the interior of the SUV was the result of Jerica's frequent nosebleeds, *id.* at 10, but the Prosecution's expert witness testified that the blood pattern on Petitioner's jacket was consistent with either a bludgeoning or a stabbing.  *Id.* at 8.

On November 22, 2005, after deliberating for three days, the jury convicted Petitioner of murder in the second degree, criminal possession of a weapon in the third degree, three counts of tampering with physical evidence, and three counts of offering a false instrument for filing in the first degree.  Report at 13.  Petitioner subsequently pled guilty to outstanding narcotics offenses of criminal possession of marihuana in the second degree and criminal possession of a controlled substance in the seventh degree.  *Id.* at 14.  Petitioner, for all of his crimes, was sentenced to an

aggregate term of thirty-one years to life.  *Id.*  The Second Department of the New York State Appellate Division affirmed the judgment on March 11, 2008.  *People v. Rhodes*, 49 A.D.3d 668 (2d Dep't 2008).  On June 18, 2008, the New York Court of Appeals denied Petitioner's request for leave to appeal.  *People v. Rhodes*, 10 N.Y.3d 938 (2008).

On April 30, 2009, Petitioner filed the instant Petition, claiming that:  (1) the admission of his un-Mirandized statements at trial was not harmless error; (2) the application for the search warrant was insufficient and the evidence obtained pursuant to the warrant should have been suppressed; (3) his right to a fair trial was violated by the admission of gruesome photos of Jerica and speculative witness testimony regarding an SUV; (4) his right to a fair trial was violated by the preclusion of evidence of third-party culpability; and (5) the evidence was legally insufficient to support his conviction.  Petition at 6–13.

On February 25, 2013, Judge Davison issued the Report, concluding that:  (1) the admission of the un-Mirandized statements was harmless error since it did not substantially and injuriously contribute to the jury's verdict; (2) Petitioner's Fourth Amendment claim was unreviewable, since the State provided an opportunity for full and fair litigation of the claim; (3) Petitioner's fair trial claims with respect to the photos of Jerica and the testimony regarding the SUV were unreviewable, since the federal nature of these claims had not been fairly presented at the state level; (4) the trial court's decision to exclude testimony about third-party culpability was a proper application of New York State evidentiary rules; and (5) Petitioner's claim regarding the legal sufficiency of the evidence was unreviewable, because the state court relied on an independent and adequate state procedural rule in dismissing the claim.  Report at 23–51.

## II. STANDARD OF REVIEW

### A. AEDPA Review of the State Court Proceedings

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). This deference is required under the AEDPA if the petitioner's claim "was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *see Bell v. Miller*, 500 F.3d 149, 154–55 (2d Cir. 2007).

"Th[e] statutory phrase ['clearly established Federal law as established by the Supreme Court of the United States,'] refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In order for a federal court to find that the state court's application of Supreme Court precedent was unreasonable, the decision must be objectively unreasonable rather than simply incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The factual findings made by state courts are presumed to be correct under the second prong of the AEDPA, and petitioner has the burden to rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### B. Review of the Magistrate Judge's Report

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the

report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error.").

### III. PETITIONER'S OBJECTIONS

Petitioner asserts two specific objections to the Report. First, Petitioner objects to Judge Davison's finding that the admission of the un-Mirandized statements was harmless error. Objections at 1–5. Second, Petitioner objects to Judge Davison's finding that certain of his fair trial claims were not fairly presented to the state appellate courts. *Id.* at 5–8.

Petitioner did not raise any objections to the portions of Judge Davison's Report addressing Petitioner's Fourth Amendment claim, third-party culpability claim, or legal sufficiency claim. After carefully reviewing those portions of the Report, the Court finds no

error, clear or otherwise.  Accordingly, the Court adopts Judge Davison's recommendation to dismiss those claims for the reasons stated in the Report.  *See* Report at 34–37, 44–51.

### A.  *Miranda* Claim

In support of his first objection, Petitioner argues that notwithstanding the fact that his un-Mirandized statements were admissible to impeach his credibility once he took the stand, the statements had a "substantial and injurious effect" on the jury during the Prosecution's presentation of its case-in-chief.  Objections at 5.  Furthermore, Petitioner argues that the circumstantial evidence in this case was "not so significant as to be enough to negate" the "substantial and injurious effect" of the admitted testimony.  *Id.* at 4.

Petitioner's first objection is an attempt to engage this Court in a rehashing of arguments that were presented to, and considered by, Judge Davison.  *See* Report at 28, 34.  Therefore this objection does not warrant *de novo* review of the Report but rather is reviewed for clear error.  *See Genao*, 2011 WL 924202, at *1 ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error."); *Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009).  The Court has carefully reviewed Judge Davison's Report relating to Petitioner's *Miranda* claim and finds no error, clear or otherwise.  Accordingly, the Court adopts Judge Davison's recommendation that this claim be dismissed for the reasons stated in the Report.  Report at 23–34.

### B.  Fair Trial Claims

Petitioner also objects to Judge Davison's finding that he did not fairly present the federal nature of certain of his fair trial claims to the state court.  Objections at 5–8.  Specifically, Petitioner argues that his arguments before the Appellate Division with respect to the photos of Jerica and testimony regarding the SUV were sufficient to exhaust the federal nature of his

6

claims, since he explicitly argued that the admission of the photos "deprived [him] of his right to a fair trial in violation of the State Constitution and the Sixth Amendment," and that the admission of the testimony regarding the SUV "deprived him of a fair trial in violation of both state and federal constitutions." *Id.* at 7–8.  In light of Petitioner's objections, the Court reviews these claims *de novo*.

Before a state prisoner seeks a writ of habeas corpus in federal court, the prisoner must exhaust his remedies in state court by "giv[ing] the state court[] an opportunity to act on his claim."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  In the interest of comity, the state court should have "an opportunity to correct the constitutional violation in the first instance."  *Id*. at 845; *see also Duckworth v. Serrano*, 454 U.S. 1, 3–4 (1981) (per curiam).  This is particularly salient in a habeas proceeding where "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire,* 502 U.S. 62, 68 (1991); *see also* 28 U.S.C. § 2241.  "Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims."  *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir. 1984) (citing *Smith v. Phillips*, 455 U.S. 209, 221 (1982)) (internal quotations omitted).  The ways in which a petitioner's claim may be considered "fairly present[ed]" to the state court outside of "citing chapter and verse of the Constitution" are:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

7

*Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982).  Thus, a habeas petitioner's claim must be dismissed if the Petitioner fails to meet one of these tests, thereby failing to exhaust the available state remedies.  *See Rose v. Lundy*, 455 U.S. 509 (1982).

The Court addresses each of Petitioner's fair trial claims in turn.

### 1. Admission of Photographs

In his brief to the Appellate Division, Petitioner argued that the trial court's error in permitting the prosecution to admit the photographs of Jerica deprived him "of his right to a fair trial in violation of the State Constitution and the Sixth Amendment."  Br. for Appellant at 48.  The heading of this argument also stated that the admission of the photographs "Denied Appellant a Fair Trial."  *Id.* at 45.

The Second Circuit has held that direct citation to a specific constitutional provision is enough for a claim to be fairly presented to the state courts, since it "alerts state courts of the nature of the claim."  *Ramirez v. Attorney Gen. of N.Y.*, 280 F.3d 87, 94–95 (2d Cir. 2001).  Here, Petitioner directly referenced a constitutional provision in his appellate brief.  However, the provision to which he cited is inapplicable—that is, the right to have a fair trial free from the introduction of evidence violating fundamental conceptions of justice is actually rooted in the Fourteenth Amendment, not the Sixth.  *See Dowling v. United States*, 493 U.S. 342, 352 (1990) (rooting the test for "fundamental fairness" in the due process clause).  Had Petitioner properly referenced the Fourteenth Amendment as the basis for his claim, the issue would certainly have been fairly presented.  *See, e.g.*, *Davis v. Strack*, 270 F.3d 111, 122 (2d Cir. 2001) (holding claim fairly presented when point heading stated that "THE COURT'S REFUSAL TO CHARGE JUSTIFICATION . . . DEPRIVED APPELLANT OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL. U.S. CONST., AMEND. XIV; N.Y. CONST., ART. 1, § 6").  Notwithstanding an

erroneous citation like Petitioner's, the Second Circuit has held that a court may still find that a claim was fairly presented by "look[ing] to the factual allegations supporting the claim." *Ramirez*, 280 F.3d at 96.  Thus, the question is whether the facts alleged in Petitioner's appellate brief were such "that a reasonable jurist would have perceived such a [constitutional] claim to have been made." *Id.*

While it is true that "[t]he more specific the description of the right in question—*e.g.*, assistance of counsel, double jeopardy, self-incrimination—the more easily alerted a court will be to consider a constitutional constraint couched in similarly specific terms," there are some claims which "will be of patently constitutional dimension." *Daye*, 696 F.2d at 193.  Generally, a mere reference to a "fair trial" is not enough to put the state court on notice of the federal nature of the claim, but in the context of gruesome photographs, it is.  *See, e.g.*, *Robles v. Senkowski*, No. 97 Civ. 2798 (MGC), 2002 WL 441153, at *4 (S.D.N.Y. Mar. 21, 2002) (holding that a petitioner's assertion that the admission of gory photographs had deprived him of his "due process right to a fair trial" was all that was required to fairly present the federal nature of the claim to the state court); *Meeks v. Artus*, No. 10 Civ. 4021 (BMC), 2011 WL 703938, at *2 (E.D.N.Y. Feb. 17, 2011) (holding that the petitioner had exhausted his claim at the state level by asserting that the admission of photographs "compromised" his "fundamental right to a fair trial" without any reference to "a single Supreme Court or federal case or even [a reference] to any part of the U.S. Constitution").[1]

---

[1] In the Report, Judge Davison referenced a number of cases in which courts held that the "mere reference to the term, 'fair trial,' [was] insufficient to fairly present a federal fair trial claim."  Report at 39–41.  However, none of the cases that Judge Davison relied upon dealt specifically with the admission of photographic evidence.  *See id.* (citing *Anderson v. Harless*, 459 U.S. 4 (1982) (dealing with unfair jury instructions); *Grady v. LeFevre*, 846 F.2d 862 (2d Cir. 1988) (dealing with pretrial identification, in-court identification, right of confrontation, and admission of expert testimony); *Petrucelli*, 735 F.2d 684 (dealing with deliberate attempts to provoke a mistrial and admission of evidence from prior murder acquittal); *Daye*, 696 F.2d 186 (dealing with an "obviously hostile" trial judge); *Scullark v. Greiner*, No. 02 Civ. 1834 (PAC) (RLE), 2005 WL 3454730 (S.D.N.Y. Dec. 15, 2005) (dealing with denial of admission of favorable evidence, receipt of consecutive rather than concurrent terms, and failure to present

By simply asserting on direct appeal that the admission of the photographs denied him "his right to a fair trial in violation of the State Constitution and the Sixth Amendment," Petitioner stated a pattern of facts which should have alerted the state court that a constitutional violation had occurred. Taking into account the direct citation to a specific portion of the U.S. Constitution, albeit an erroneous one, and the jurisprudence surrounding fairly presenting claims regarding photographic evidence, the Court finds that Petitioner's fair trial claim with respect to the photographs of Jerica was fairly presented to the state courts.

Having determined that the fair trial claim was fairly presented, the next question is whether the state court decided the federal claim on the merits. This will determine whether the decision of the state court is entitled to the AEDPA's deferential standard of review. *Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001). "If a state court has not adjudicated the claim 'on the merits,' we apply the pre-AEDPA standards, and review *de novo* the state court disposition of the petitioner's federal constitutional claims." *Id.* (quoting *Washington v. Schriver*, 255 F.3d 45, 55 (2d Cir. 2001)). The Supreme Court has held that absent any discussion of "state-law procedural principles" there is a presumption that the state court adjudicated the claim on the merits. *Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

---

certain charges to the jury); *Spencer v. McCray*, No. 01 Civ. 8029 (DAB) (FM), 2004 WL 1110244 (S.D.N.Y. Apr. 30, 2004) (dealing with improper jury instructions, the trial court's decision to try the defendant in absentia, and ineffective assistance of counsel); *Martinez v. Artuz*, No. 99 Civ. 12280 (LMM) (RLE), 2002 WL 1000287 (S.D.N.Y. May 22, 2001) (dealing with *Brady* violations, the court's refusal to instruct the prosecution to produce evidence, the court's denial of defendant's request to obtain a ballistics expert, admission of testimony on prior drug charges, and admission of identification testimony).

In the instant case, the state court refused to conclude "that the photographs were admitted solely to arouse the emotions of the jury and to prejudice the defendant . . . or that the trial court improvidently exercised its discretion in admitting these photographs into evidence." *People v. Rhodes*, 49 A.D.3d at 670.  Instead, the court found that the photos were properly admitted to corroborate testimony that was presented at trial.  *Id.* at 669.  The court also found that "defendant's remaining contentions [were] without merit."  *Id.* at 670.  While the state court did not directly discuss the federal components of Petitioner's photographs-related fair trial claim, the Court presumes that the federal claim was, nevertheless, decided on the merits.  *See Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits . . . .").

Once a state court has issued a decision on the merits, a writ of habeas corpus will not be granted unless the adjudication of the claim resulted in a decision that was either contrary to or involved an unreasonable application of clearly established Supreme Court law.  28 U.S.C. § 2254(d).  Improper admission of evidence against a criminal defendant does not rise to the level of a constitutional error unless it "is so extremely unfair that its admission violates fundamental conceptions of justice."  *Dowling*, 493 U.S. at 352 (internal quotation marks omitted).  Even if the introduction of the evidence is a constitutional error, habeas relief may only be granted if the evidence had a "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).  The Second Circuit has explained that this inquiry centers on "the importance of the wrongly admitted evidence, and the overall strength of the prosecution's case."  *Wood v. Ercole*, 644 F.3d 83, 94 (2d Cir. 2011); *see also Robles*, 2002 WL 441153, at *6 ("The principal factors to be considered in measuring this

11

'effect or influence' are the importance of the evidence, and 'the overall strength of the prosecution's case.'") (citing *Wray v. Johnson*, 202 F.3d 515, 526 (2d Cir. 2000)).

At the outset, Petitioner has not shown that the trial court's admission of the photographs was improper. In New York, "photographs of the deceased are admissible if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered," and such evidence is excluded "only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant." *People v. Pobliner*, 32 N.Y.2d 356, 369–70 (1973); *see also Stover v. Ercole*, No. 08 Civ. 6737 (SAS), 2011 WL 814710, at *7 (S.D.N.Y. Mar. 8, 2011) (same). Here, as the Appellate Division noted, the photographs were relevant because they corroborated the testimony of the forensic pathologist who conducted the autopsy and other prosecution witnesses, and because they were "probative as to the essential elements of murder in the second degree and criminal possession of a weapon in the third degree, since they suggested that the defendant was in possession of a dangerous instrument and used it with the requisite intent." *People v. Rhodes*, 49 A.D.3d at 669–70. Thus, "under New York law, the photographs were admissible even though they were gruesome." *Stover*, 2011 WL 814710, at *11.

Even assuming that admission of the photographs was improper, however, the Court finds that such an error did not violate "fundamental conceptions of justice," *Dowling*, 493 U.S. at 352, or have a "substantial and injurious effect or influence in determining the jury's verdict," *Brecht*, 507 U.S. at 638. Even if the photographs had not been admitted, witnesses testified as to the state in which Jerica's body was discovered. *People v. Rhodes*, 49 A.D.3d at 669–70. Moreover, as Judge Davison concluded, the prosecution's case against Petitioner was strong. *See* Report at 29–30. Several witnesses testified consistently to seeing Petitioner with Jerica

12

shortly before her murder. *See id*. at 31. Forensic evidence linked the blood recovered from Petitioner's sneakers, jacket, and the interior of Petitioner's SUV to Jerica's DNA. *See id*. at 8. Additionally, the blood patterns on Petitioner's jacket where indicative of either bludgeoning or stabbing. *Id.* Furthermore, experts testified that Petitioner's hand lacerations were consistent with having used a sharp-bladed object. *See id*. at 30–31. Accordingly, the state court's decision denying Petitioner's claim was neither contrary to nor an unreasonable application of federal law, and Petitioner's claim must be denied.

### 2. Admission of Speculative Testimony

In his brief to the Appellate Division, Petitioner argued that the trial court erred in permitting the prosecution to question a witness about her observation of a green SUV the morning of the murder and thus deprived him of a fair trial in violation of both state and federal constitutions. Br. for Appellant at 48, 50. Unlike fair trial claims involving photographic evidence, in order to fairly present a federal fair trial claim involving the admission of speculative testimony, Petitioner must do more than merely assert that the admission of the evidence violated his due process right to a fair trial. *See Petrucelli*, 735 F.2d at 688 (holding that claim regarding admission of testimony was not fairly presented when Petitioner had referenced "due process" three times); *see also Gordon v. Kelly*, No. 89 Civ. 1907 (RJD), 1989 WL 92043, at *2 (E.D.N.Y. Aug. 7, 1989) (holding a citation to the U.S. Constitution in a point heading was not enough for petitioner's claim regarding admission of testimony to be considered fairly presented). Petitioner's argument on appeal with respect to this claim was devoid of any specific reference to federal case law or state case law analyzing federal law. Petitioner's brief instead focused on the trial court's abuse of discretion by allowing the evidence into trial rather than how the evidence "infused the trial with unfairness as to deny due process of law." *Estelle*,

13

502 U.S. at 68.  In addition, unlike his fair trial claim regarding the photographs, Petitioner did not reference any portion of the U.S. Constitution in relation to this claim.  Br. for Appellant at 48–50.  Accordingly, the Court agrees with Judge Davison the federal nature of this claim was not fairly presented to the state courts, meaning that Petitioner failed to exhaust the claim.  *See* Report at 43–44; 28 U.S.C. § 2254(b).

Although Petitioner failed to exhaust his fair trial claim regarding the SUV-related testimony, the claim is "deemed exhausted" because Petitioner is now procedurally barred from presenting the claim to a New York court.  *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991); *see* N.Y. C.P.L. § 440.10(2)(c) ("[T]he court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.").  Petitioner's procedural default precludes the Court from reviewing his claim unless Petitioner can demonstrate "cause and prejudice" for the default or that failure to consider the claim will result in a "fundamental miscarriage of justice."  *Gray v. Netherland*, 518 U.S. 152, 161 (1996); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Because Petitioner has not attempted such a showing, the Court cannot review this fair trial claim and it must be denied.

## IV.  CONCLUSION

For the reasons set forth above, the Court adopts all but Section III.B.3.a of Judge Davison's Report (concerning exhaustion of Petitioner's photographs-related fair trial claim), and the petition for a writ of habeas corpus is DENIED in its entirety.  As Petitioner has not

14

made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to close this case.

    It is SO ORDERED.

Dated:    December 8, 2016
           New York, New York

                                                          Edgardo Ramos, U.S.D.J.